United States District Court
District of Massachusetts

```
_____
                              )
JOHN E. ALLEN and BARBARA M.   )
CORDI-ALLEN,                   )
        Appellants,            )
                               )    Civil Action No.
        v.                     )    11-30219-NMG
                               )
RICHARD KING,                  )
        United States Trustee, )
                               )
and GARY WEINER,               )
        Chapter 11 Trustee.    )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Debtor-Appellants John E. Allen and Barbara M. Cordi-Allen ("appellants") appeal from the sua sponte appointment of a Chapter 11 Trustee by the United States Bankruptcy Court for the District of Massachusetts. They argue that the Bankruptcy Judge erred by appointing a Chapter 11 Trustee without (1) a request to do so from a United States Trustee or party in interest, (2) notice and a hearing or (3) sufficient cause to take such action. After a hearing on this date with respect to their appeal, notice of which was given to all parties, the Court vacated the order appointing the Chapter 11 trustee. This Memorandum and Order clarifies the reasons for that decision.

The statute upon which the Bankruptcy Court based its decision to appoint was 11 U.S.C. § 1104(a), which provides that

-1-

a Chapter 11 trustee may be appointed for cause after notice and a hearing.  Although that section does not expressly authorize a bankruptcy judge to appoint a trustee sua sponte,  this Court finds that a bankruptcy court has such authority in appropriate circumstances pursuant to 11 U.S.C. § 105(a).  See also In re United States Mineral Prods. Co., 105 Fed. Appx. 428, 430-31 (3rd Cir. 2004); In re Bibo, Inc., 76 F.3d 256, 258 (9th Cir. 1996); In re McKenna, No. CA 10-472, 2011 WL 2214763, at *3 (D.R.I. May 31, 2011).

Nonetheless, § 1104 also requires that such an appointment may be made only "after notice and a hearing," a phrase more fully described as:

> after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances.

11 U.S.C. § 102(1)(A).  The notice standard is flexible and depends, in part, on the egregiousness of the cause motivating the appointment.

In this case, the Bankruptcy Court gave the parties about one week's notice of the status hearing on August 4, 2011.[1]  At the hearing, the court inquired into which of appellants' rental properties were subject to mortgages and as to whether rentals were part of the cash collateral of the estate.  Appellants'

---

[1] Ordinarily, a status hearing is for the purpose of setting deadlines related to the debtor's disclosure statement and plan. See 11 U.S.C. § 105(d).

counsel was unable to answer with certainty but stated he would check each mortgage to determine its status and subsequently file a motion with respect to cash collateral.  The court asked the United States Trustee for his view, and the Trustee responded that the debtor needed to file a motion for use of cash collateral immediately and should have done so earlier.  After noting the late filing of the Creditor Matrix and Schedules and that counsel was unfamiliar with the estate's cash collateral nearly one month after the initial filing, the Court announced that it would appoint a Chapter 11 Trustee.  The court allowed appellants counsel to respond but then denied his request for reconsideration.

The record indicates that the notice provided was insufficient under the circumstances.  Appellants were given no warning of the appointment and no meaningful opportunity to respond.  The cause motivating the appointment was apparently appellants' persistent (but relatively innocuous) late filings and failure to move for use of cash collateral or to comprehend the extent of the bankruptcy estate.  Although those grounds may generally be sufficient to warrant a <u>sua</u> <u>sponte</u> appointment of a Chapter 11 Trustee, they are not so dire as to justify such an appointment with virtually no notice to the debtors.

**ORDER**

In accordance with the foregoing, the Court VACATES the appointment of a Chapter 11 Trustee and REMANDS the matter to the Bankruptcy Court for further proceedings consistent with the above memorandum.  In the event that a Chapter 11 Trustee is ultimately re-appointed, the Bankruptcy Court is requested to state the reasons for such appointment in detail.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated November 17, 2011